| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | 2221 Camino Del Rio South, Suite 101 |
| ml@kazlg.com | San Diego, CA 92108 |
| Elizabeth Wagner, Esq. (317098) | Telephone: (619) 233-7770 |
| elizabeth@kazlg.com | Facsimile: (619) 297-1022 |
| 245 Fischer Avenue, Unit D1 | |
| Costa Mesa, CA 92626 | |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

*Attorneys for Plaintiff,*
Linda T. Wong

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA T. WONG, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| NISSAN MOTOR ACCEPTANCE CORPORATION, | I.   **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;** |
| Defendant. | |
| | II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*; AND,** |
| | III. **BREACH OF CONTRACT** |
| | **JURY TRIAL DEMANDED** |

| Case No.: | *Wong v. Nissan Motor Acceptance Corporation* |
|---|---|
| **COMPLAINT FOR DAMAGES** | |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to insure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. LINDA WONG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

| Case No.: | 1 of 11 | *Wong v. Nissan Motor Acceptance Corporation* |

**COMPLAINT FOR DAMAGES**

4. Moreover, the Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744

7. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to another Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, Plaintiff allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). In addition, this Court also has jurisdiction of Plaintiff's supplemental State claims pursuant to 28 U.S.C. § 1367.

12. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA"); (ii) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. ("TCPA"); and, (iii) breach of contract.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is natural person who resides in the County of Orange, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

16. In addition, Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).
17. Plaintiff is informed and believe, and thereon allege, that Defendant is a corporation headquartered in the State of Texas and is therefore a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).
18. In addition, Plaintiff and Defendant are each a "person" as defined by the TCPA.
19. Plaintiff is informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(e)-(f).

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California and within this judicial district.
22. At all times relevant, Defendant conducted business in the State of California.
23. During Wong I, Plaintiff's counsel informed Defendant that Plaintiff was a represented party with regard to the debt at issue in Wong I.
24. Wong I was based upon Defendant's continual collection efforts directed towards Plaintiff for Plaintiff's ex-husband's debt.
25. Mr. Wong incurred the alleged debt for Mr. Wong's own purposes and Plaintiff was not a signatory nor did Plaintiff agree to be obligated for Mr. Wong's alleged debt.

26. Since Defendant's first telephonic communication to Plaintiff, which was made on May 12, 2014, Plaintiff has repeatedly informed Defendant that Mr. Wong could not be reached through the dialed number, to stop calling, and to remove Plaintiff's cellular telephone numbers from Defendant's database.

27. Despite Plaintiff's requests to cease communications, Defendant continued to call Plaintiff's cellular telephone numbers in its attempt to collect Mr. Wong's alleged debt.

28. On December 2, 2015, Plaintiff filed suit against Defendant in the Central District of California in a matter entitled *Wong v. Nissan Motor Acceptance Corporation*, case number CV15-2006 JVS (JCGx) ("Wong I") as a result of these continued telephonic communications.

29. Following litigation Plaintiff and Defendant entered into a Settlement Agreement.

30. This current action is necessary for Plaintiff to enforce the terms of the Parties' Settlement Agreement from Wong I.

31. In resolving Wong I, Plaintiff expressly warranted that Plaintiff was the owner and sole user of cellular telephone number (714) 381-8889.

32. On September 26, 2018, Defendant placed yet another telephonic communication to Plaintiff attempted to collect Mr. Wong's debt from Plaintiff.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff directly to collect this debt despite knowledge that Plaintiff is represented by Plaintiff's counsel. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any interest, fee, charge or expense incidental to the principal obligation which is not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant violated Cal. Civ. Code § 1788.14(c) by contacting Plaintiff directly to collect this debt despite knowledge that Plaintiff is represented by Plaintiff's counsel and that further communications regarding this debt should be sent to Plaintiff's counsel.

40. Furthermore, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to make its calls to Plaintiff seeking to collect the alleged debt allegedly owed by Plaintiff in conjunction with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

41. Plaintiff further alleges that Defendant utilized an ATDS due to the long silence between Plaintiff answering the telephonic communications in question and Defendant's response. Such a delay is indicative of usage of an ATDS and/or a predictive dialer.

42. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

43. In addition, Defendant's ATDS also dials numbers from a list.

44. At no time did Plaintiff ever enter into a business relationship with Defendant.

45. Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiff on Plaintiff's cellular telephone.

46. Even if Defendant had "prior express consent" at one time, any and all consent was expressly revoked as a result of Wong I.

47. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

48. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

56. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

58. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT IV

## BREACH OF CONTRACT

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Parties entered into a contract in 2015 to resolve Wong I (the "Contract").

61. Plaintiff fulfilled Plaintiff's obligations pursuant to the Contract.

62. Defendant breached the Contract by continuing to collect the debt at issue in Wong I from Plaintiff. Said collection activity includes, but is not limited to, Defendant's telephonic communication placed to Plaintiff.

63. Defendant's breach harmed Plaintiff by misrepresenting that Plaintiff was liable for a debt.

64. The terms of the Parties' Contract were clear enough that the Parties understood the Parties' respective obligations.

65. In fact, Defendant drafted the Contract.

66. The Parties each agreed to give each other something of value as consideration for the Contract.

67. The Parties agreed to the terms of the Contract.

68. The Parties agreed to be bound by the Contract.

69. Defendant's breach was the cause of Plaintiff's harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), against each named Defendant individually;
- An award of statutory damages of $ 1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), against each named Defendant individually;
- An award of injunctive award prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- General damages according to proof;
- Special damages according to proof; and,
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: December 6, 2018                                         Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     /s/ Matthew M. Loker
        MATTHEW M. LOKER, ESQ.
        ATTORNEY FOR PLAINTIFF